UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DARRIN SIMPSON (#127160)**         CIVIL ACTION

**VERSUS**

**LT. COL. ROWE, ET AL.**         19-225-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 30, 2020.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARRIN SIMPSON (#127160)                    CIVIL ACTION

VERSUS

                                                            19-225-SDD-RLB

LT. COL. ROWE, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, a person confined at the Louisiana State Penitentiary ("LSP"), filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Rowe and Davis, alleging that his constitutional rights were violated when his hair was cut in violation of his religious beliefs.

Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service and should attempt to remedy any defects of which he has knowledge.

The plaintiff filed his Complaint on or about April 15, 2019, and on September 25, 2019, the Magistrate Judge ordered that the defendants be served by the United States Marshal. *See* R. Doc. 13. On September 3, 2020, the plaintiff was ordered to show cause in writing why his claims should not be dismissed for failing to serve the defendants within the time allowed by Rule 4. Plaintiff was advised that a failure to respond may result in a dismissal of his claims without further notice. The plaintiff failed to respond. On November 6, 2020, over a year after the summons was issued and with no explanation for the significant delay, the summons was returned unexecuted by the U.S. Marshal Service because not enough identifiable information was provided to properly identify the correct defendant employees. *See* R. Doc. 18.

Since that summons was returned unexecuted, no additional action on the part of the plaintiff to effectuate service appears in the record. No information has been provided to identify the defendants. As such, the plaintiff's claims should be dismissed for failure to serve.

## RECOMMENDATION

It is recommended that the plaintiff's claims be dismissed, without prejudice, for failure of the plaintiff to serve the defendants as required by Federal Rule of Civil Procedure 4(m).

Signed in Baton Rouge, Louisiana, on December 30, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**